UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLAVIO ALESSANDRO KURBAJ
RATTO,

          Petitioner,

    v.

ASSOCIATE DIRECTOR MARCOS
CHARLES, *et al.*;

          Respondents,

Case No. 2:26-cv-01407-KCD-DNF

_____/

## **ORDER**

Petitioner Flavio Alessandro Kurbaj Ratto is a citizen of Venezuela and apparently has an Italian passport. (Doc. 1 at 2.) He entered the United States in 2019 through the Visa Waiver Program. His authorized stay was brief—only a few months—but rather than departing, he remained in the country and sought to establish a lawful foothold. Although not entirely clear, it seems Ratto's father applied for asylum. (*See* Doc. 17.)

On March 24, 2026, Ratto was detained following a traffic stop for overstaying his visa and handed him over to Immigration and Customs Enforcement. The next day, he was ordered removed through the administrative process for noncitizens who overstay their visa. *See* 8 C.F.R. § 217.4(b); *Bader v. Field Off. Dir.*, No. 26-CV-20537, 2026 WL 1459639, at *1 n.1 (S.D. Fla. May 22, 2026) ("Because Petitioner was admitted to the United

States under the VWP, an immigration enforcement officer can determine Petitioner's deportability without referring his case to an immigration judge."). This lawsuit for a writ of habeas corpus followed. Ratto claims that his detention is unlawful under the Due Process Clause, his removal order has been mishandled, and the "lack of any removal proceedings renders [his] detention a violation of habeas corpus." (Doc. 1.)

## I. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## II. Discussion

The Government first argues that we lack jurisdiction to address Ratto's claims under two provisions of the INA. (Doc. 13 at 3-5.) While the INA does preclude Ratto's arguments concerning the removal order (more on that below), this Court has jurisdiction to address the other challenges to his

2

detention. *See Obando-Vargas v. Assistant Dir.*, No. 2:26-CV-265-KCD- NPM, 2026 WL 796804, at *1-2 (M.D. Fla. Mar. 23, 2026).

To support Ratto's detention, the Government turns to 8 U.S.C. § 1231. (Doc. 13 at 5.) Because an administrative removal order has been issued, the Government proffers that § 1231(a) dictates his detention. This argument is a nonstarter. Section 1231(a) governs detention only during the statutory "removal period," which triggers when a removal order is final and presently executable. But as best the Court can tell from the record, Ratto's removal order is not final. He has a pending, unadjudicated asylum request. (*See* Doc. 15.) "Because the administrative proceeding to determine [his] removability is ongoing, he is not subject to an administratively final removal order." *Nardella Mago v. Rogers*, No. 2:26-CV-00278-SPC-NPM, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). "Rather, he is detained pending a decision on whether [he] is to be removed from the United States." *Id.*

Ratto's "detention is [instead] governed by § 1226(a)." *Id.* Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Ratto seeks his immediate release from custody. (Doc. 1 at 15-16.) But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F.

3

Supp. 3d 593, 596 (E.D. Wis. 2021). Ratto is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Ratto raises several other claims that, as best the Court can tell, attack his removal order either directly or indirectly. He says that the Government is attempting to executing his removal "without first providing access to the credible fear screening and asylum process required when a noncitizen expresses a fear of persecution." (Doc. 1 at 14.) He also alleges that the Government's "failure to provide Petitioner access to the protection process renders his imminent removal unlawful and contrary to the Constitution and laws of the United States." (*Id.*) For all this, he asks the Court to "ensure compliance with those mandatory statutory protections" and preclude his removal. (Doc. 15 at 8.) These claims cannot be addressed here. *See Mokarram v. U.S. Atty. Gen.*, 316 F. App'x 949, 952 (11th Cir. 2009) ("A petition for review with the appropriate court of appeals is the sole and exclusive means for judicial review of an order of removal."); *Vernitus v. Acting Sec'y*, No. 6:20-CV-1998-ACC-EJK, 2021 WL 9408910, at *3 (M.D. Fla. Feb. 25, 2021) ("Federal district courts do not have jurisdiction over

4

challenges against removal orders, regardless of whether such challenges are direct or indirect."). Likewise, this Court lacks jurisdiction to intervene and prevent removal. *See Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 29, 2026.

Kyle C. Dudek
United States District Judge